John M. Begakis, Esq. (SBN 278681)
john@altviewlawgroup.com
Veronica Hartling, Esq. (SBN 357390)
veronica@altviewlawgroup.com
**ALTVIEW LAW GROUP, LLP**
9454 Wilshire Blvd., Suite 825
Beverly Hills, California 90212
Telephone: (310) 230-5580
Facsimile: (562) 275-8954

*Attorneys for Plaintiff* HYPHY MUSIC, INC., a
California corporation

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HYPHY MUSIC, INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> RIGOBERTO DIAZ, an individual; and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO: <br><br> **COMPLAINT FOR:** <br><br> 1. **Violation of the Digital Millenium Copyright Act (17 U.S.C. § 512(f))** <br><br> 2. **Declaratory Relief** <br><br> 3. **Unfair Competition in Violation of California Business and Professions Code §§ 17200, *et seq*.** |

COMPLAINT

Plaintiff HYPHY MUSIC, INC., a California corporation ("Hyphy"), by and through its undersigned counsel of record, hereby alleges the following:

## THE PARTIES

1. Plaintiff Hyphy is, and at all relevant times herein was, a corporation organized under the laws of the State of California, with its principal place of business located at 2727 N. Grove Industrial Drive, #155, Fresno, California 93727.

2. Hyphy is informed and believes and, on the basis of such information and belief, alleges that Defendant RIGOBERTO DIAZ ("Diaz") is, and at all relevant times herein was, an individual residing in the County of Los Angeles, State of California.

3. The true names and capacities of DOES 1 through 10, inclusive, whether individual, corporate, associate or otherwise, are unknown to Hyphy at this time, who therefore sues said defendants by such fictitious names, and when the true names, capacities, and relationships of such defendants are ascertained, Hyphy will ask leave of Court to amend this Complaint to assert the same.

4. Hyphy is informed and believes and, on the basis of such information and belief, herein alleges that each defendant named in this Complaint was, at all times herein mentioned, and now is, the agent and/or employee of each of the other defendants herein, and was at all times acting within the course and scope of said agency and/or employment. When referring to "Defendants" herein, Hyphy intends to include Diaz and all other defendants.

## JURISDICTION & VENUE

5. This Court has subject matter jurisdiction over Hyphy's claims pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338 because this lawsuit arises from a claim for violation of the Digital Millenium Copyright Act, 17 U.S.C. § 512(f). Additionally, this Court has supplemental jurisdiction over all additional non-federal claims, pursuant to 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendants because, among

1

COMPLAINT

other things, Defendants are doing business in the State of California and in this judicial district, the violative acts complained of herein occurred in the State of California and in this judicial district, and Defendants have caused injury to Hyphy within the State of California and in this judicial district.

7. Venue is proper in the Central District of California, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to the Complaint occurred in this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

8. Hyphy is a record label in the business of producing, manufacturing, distributing, and otherwise exploiting sound recordings in the United States.

9. On or about December 13, 2025, Diaz entered into an implied-in-fact agreement with Hyphy, pursuant to which Diaz agreed to participate, as a guest artist, in Hyphy's production of the sound recording entitled *Lost In The Hills* (the "Work"), in exchange for compensation (the "Agreement").

10. Diaz participated in the recording of the Work and received and accepted all compensation due to him pursuant to the terms of the Agreement.

11. Notwithstanding Hyphy's exclusive ownership of all right, title and interest in and to the Work as the label that produced the Work, on or about May 23, 2026, Diaz submitted a take-down notice pursuant to the notice and take down procedures set forth in the Digital Millennium Copyright Act (the "DMCA"), wherein Diaz falsely claimed he possessed rights in the Work over Hyphy or any other party.

12. Accordingly, on or about June 8, 2026, Hyphy sent a cease and desist letter to Diaz, wherein Hyphy reminded Diaz of Hyphy's exclusive rights in and to the Work and demanded that Diaz immediately withdraw his DMCA claim. A true and correct copy of Hyphy's June 8, 2026 letter is attached hereto as Exhibit "A" and incorporated herein by this reference.

13. Diaz refused to timely comply with Hyphy's demands. Accordingly, this Complaint necessarily results.

COMPLAINT

## FIRST CAUSE OF ACTION

### Violation of the Digital Millenium Copyright Act

### 17 U.S.C. § 512(f)

### (By Plaintiff Against All Defendants)

14.    Hyphy repeats, realleges, and incorporate herein by this reference each and every allegation contained in Paragraphs 1 through 13, inclusive, as though set forth in full herein.

15.    Defendant Diaz, as alleged herein, submitted a DMCA takedown notice to one or more digital service providers ("DSPs"), alleging that Hyphy's distribution of Work somehow infringed Diaz's alleged rights therein.

16.    Diaz knowingly and materially misrepresented to various DSPs that Hyphy's distribution of the Work somehow infringed Diaz's alleged rights therein.

17.    At the time Diaz submitted the takedown notice to one or more DSPs, Diaz knew or should have known that he did not possess any rights in the Work.

18.    One or more of the DSPs, relying on Diaz's false representations, disabled access to, or removed, Hyphy's music from distribution thereon.

19.    As a result of Defendants' actions as alleged herein, and pursuant to 17 U.S.C. § 512(f), Hyphy has suffered damages in an amount to be determined at trial, together with reasonable attorneys' fees and costs incurred, and interest thereon at the maximum legal rate.

## SECOND CAUSE OF ACTION

### Declaratory Judgment

### (By Plaintiff Against All Defendants)

20.    Hyphy repeats, realleges, and incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 19, inclusive, as though set forth in full herein.

21.    An actual controversy exists between Hyphy and Diaz regarding Hyphy's ownership of, and right to therefor exclusively exploit, the Work.

3

COMPLAINT

22.    Hyphy reasonably anticipates litigation regarding Hyphy's right to own and exploit the Work to the exclusion of Diaz or anyone else. Accordingly, Hyphy requests that this Court grant declaratory relief, declaring that Hyphy is the true and rightful owner of the Work, and that Diaz has no right to exploit the same.

23.    Hyphy is informed and believes and, on the basis of such information and belief, herein alleges that Diaz's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damages to Hyphy's business, reputation, and goodwill. Hyphy has no adequate remedy at law.

### THIRD CAUSE OF ACTION

**Unfair Competition in Violation of Cal. Bus. And Prof. Code §§ 17200, *et seq.***

**(By Plaintiff Against All Defendants)**

24.    Hyphy repeats, realleges, and incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 23, inclusive, as though set forth in full herein.

25.    Defendants' conduct, as alleged herein, has been and continues to be unlawful and harmful to Hyphy and to the general public. Hyphy therefore seeks to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure ("CCP") § 1021.5.

26.    A violation of Cal. Bus. and Prof. Code §§ 17200, *et seq*. may be predicated on the violation of any state or federal law. In the instant case, fraudulent representations to one or more DSPs regarding the Work, in violation of 17 U.S.C. § 512(f) of the DMCA, violates federal law.

27.    Hyphy has been personally aggrieved by Defendants' unlawful business acts and practices, as alleged herein, including, but not limited to, the loss of money and/or property.

28.    Pursuant to Cal. Bus. and Prof. Code §§ 17200, *et seq*., CCP § 1021.5, and other applicable laws, Hyphy is therefore entitled to an award of reasonable attorneys' fees and costs against Defendants.

COMPLAINT

# **PRAYER FOR RELIEF**

WHEREFORE, Hyphy prays for judgment against Defendants, and each of them, jointly and severally as follows:

1.    For damages according to proof at trial;

2.    For this Court to declare, adjudge, and decree that Hyphy is the owner of all right, title, and interest in and to the Work;

3.    For this Court to declare, adjudge, and decree that Defendants violated Cal. Bus. and Prof. Code §§ 17200, *et seq*.;

4.    For reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505;

5.    For pre-judgment interest according to proof at trial; and

6.    For such other and further relief as this Court deems just and proper.

Dated:  June 22, 2026

Respectfully submitted,

**ALTVIEW LAW GROUP, LLP**

By:   /s/ John Begakis
JOHN M. BEGAKIS
VERONICA H. HARTLING
*Attorneys for Plaintiff*
HYPHY MUSIC, INC., a California corporation

5

COMPLAINT

# EXHIBIT A



9454 Wilshire Blvd., Suite 825
Beverly Hills, CA 90212
Tel: 310.230.5580
Fax: 562.275.8954
www.AltViewLawGroup.com

June 8, 2026

***Via E-Mail***

Rigoberto Diaz
ydbmgmt@gmail.com

      **RE:**    ***Hyphy Music Inc. v. Rigoberto Diaz p/k/a "Young Drummer Boy", et al.***

Mr. Diaz:

Our office represents Hyphy Music Inc. ("Hyphy"), regarding Hyphy's claims against you for abuse of the notice and take down procedures provided by the Digital Millenium Copyright Act (the "DMCA"), and your intentional interference with Hyphy's rights in the sound recording entitled "Lost In The Hills" (the "Work") exclusively recorded for Hyphy by Rosemarie Ann Rodriguez p/k/a "Killarosa" (the "Host Artist") as a result. Please preserve all documents related to this matter in your possession, custody or control. Additionally, please direct all further communications concerning this matter to the undersigned.

As you know, on or about December 13, 2025, you agreed to participate in the recording of the Work as a guest artist, and to grant Hyphy all right, title, and interest in and to your contributions to the Work, in exchange for compensation (the "Agreement"). Although the terms of such Agreement were not formally memorialized in a fully executed written document, it is our understanding that you participated in the recording of the Work, and received and accepted all compensation due to you in exchange for your agreement to the terms thereof. Notwithstanding Hyphy's exclusive rights to exploit the Work pursuant to the Agreement, we are advised that, on or about May 23, 2026, you submitted a fraudulent DMCA take-down notice challenging Hyphy's exploitation of the Work, in violation of Hyphy's exclusive rights therein (the "Notice").

Your Notice intentionally, deliberately and falsely claimed, under penalty of perjury, that you had not authorized Hyphy to exploit the Work, and that you had rights in and to the Work. However, Hyphy possesses exclusive rights in and to your contributions to the Work, pursuant to the terms of the Agreement, and your acceptance of all compensation paid to you according to such terms. Your submission of the Notice therefore amounts to intentional interference of Hyphy's exclusive rights in and to the Work, and misuse of the DMCA takedown procedures, in violation of 17 U.S.C. § 512(f).

Accordingly, Hyphy hereby demands that you immediately retract the Notice, and provide our office with confirmation of retraction and your agreement not to issue any future DMCA take down notices, within five (5) days of the date of this correspondence. In the event you fail to timely comply, our office intends to recommend that Hyphy immediately commence legal proceedings

against you to recover actual damages, including lost profits, as permitted under the Copyright Act. Please also be advised that, in such event, you will be held liable for all attorneys' fees and costs incurred by Hyphy in connection with prosecuting such action.

We trust that you appreciate the seriousness of this matter, and look forward to your prompt attention and anticipated cooperation. This correspondence is a legal communication sent as part of an effort to resolve claims between Hyphy and you and is therefore protected from any future discovery or trial production pursuant to California Evidence Code § 1152 and Federal Rule of Evidence 408. Nothing contained herein or omitted herefrom is intended or should be construed as a waiver of any of Hyphy's rights or remedies, whether legal or equitable, all of which are hereby expressly reserved.

Very truly yours,

JOHN M. BEGAKIS, ESQ.

Cc:    info@weareinfinite22.com
       paola.carrillo@theorchard.com
       claudia@theorchard.com